**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL F. JACKSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  3:13-CV-1292-O (BH)** |
| | § | |
| **SOCIAL SECURITY ADMINISTRATION,** | § | |
| | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this social security case has been automatically referred

for determination of non-dispositive motions and issuance of findings, conclusions and

recommendation.  Based on the relevant filings and applicable law, the case should be dismissed for

failure to prosecute or follow court orders.

**I.  BACKGROUND**

The *pro se* plaintiff filed this case on March 28, 2013, appealing the decision of the

Commissioner of the Social Security Administration that the plaintiff was not entitled to benefits.

After the Commissioner answered, the Court entered a scheduling order on June 4, 2013, that set a

deadline for the plaintiff's brief of July 1, 2013.  He moved for an extension of time until July 31,

2013, to file his brief, and the motion was granted.

On July 30, 2013, the plaintiff filed a one-sentence letter stating, in relevant part, that he "at

this time  would like to file a motion for summary judgment this day 30 July, 2013".  Because this

filing did not comply with requirements for a brief that are specifically set out in the June 4, 2013

scheduling order, the Court issued an order notifying the plaintiff that he had not complied with the

scheduling order, and that his case was therefore subject to *sua sponte* dismissal under Fed. R. Civ.

P. 41(b) for failure to prosecute or comply with a court order.  (*See* doc. 21.)  The plaintiff was ordered to either file his brief, or to show good cause in writing as to why he failed to comply with the June 4, 2013 scheduling order, by August 19, 2013.  *Id.*  The order expressly provided that if the plaintiff failed to comply, it would be recommended that this case be dismissed without further notice for failure to prosecute or to comply with a court order.  *Id.*  The plaintiff has not complied with the scheduling order or the show cause order, and he has not filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Despite the show cause order, the plaintiff has still not complied with the orders to file a brief that complies with the scheduling order.  He has not identified the errors he contends entitle him to relief or the specific issues he presents for review.  The show cause order specifically warned that failure to comply could result in dismissal of this action without further notice.  Because he failed to prosecute or follow the court's orders to identify the basis for his appeal, the case is subject to dismissal.

## III.  RECOMMENDATION

This case should be is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a brief that complies with the scheduling order within the time for objecting to this recommendation, or some other time set by the Court.

**SO ORDERED** on this 3rd day of September, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE